### 25399. HARRISON et al. v. FORTNER.

Nichols, Justice. An ejectment petition was filed by the plaintiff in 1963. The case was tried and a verdict directed for the plaintiff on June 21, 1965. A motion for new trial was filed on the usual general grounds on July 17, 1965, and overruled on June 17, 1969. The defendants appealed from such adverse judgment and enumerate the direction of the verdict and the judgment overruling the motion for new trial as error.

The appellants state in their brief: "The transcript of this case shows a conflict in two material areas—possession of the tract and legal title to the property. The appellants claim title through Mrs. Eva Claxton. The appellee claims title through the Powells and the Fortners. There was evidence on behalf of the appellee, tending to show that her husband had held possession of the disputed land for a number of years before his death and that he had died while in possession of the land. On the other hand, there was evidence on behalf of the appellants, tending to show that the husband of the appellee was not in possession claiming title in himself, but that cattle owned by the appellants grazed on the land and that on one occasion the appellants prevented a lumberman's cutting timber on the property." *Held:*

The deeds relied upon by both parties were, by agreement, not physically introduced in evidence but excerpts were read on the trial. These deeds showed the plaintiff's title from 1902 until the time of trial, and evidence of possession was introduced by the plaintiff showing possession by her and her predecessors from 1932. The defendants' deeds showed a deed from the mother of the plaintiff's husband to a third party at a time when the record title and possession was in the grandmother of the plaintiff's husband (also the grantor in the deed to the plaintiff's husband). A later deed in the defendants' chain of title was for a lesser acreage which did not include the property in dispute although the deed to the defendants did include the disputed property in the description.

As to possession by the defendants, the testimony of the only defendant who testified shows without dispute that long before the present controversy arose he had some cows on the land but had never been in possession of the land. The plaintiff testified that he had put the cows on the land with her husband's permission only. It was also undisputed that Harrison had sold some timber from this land for the plaintiff's husband. The sole evidence of the defendants' attempted dominion over the land was evidence that shortly before the death of the plaintiff's husband, the defendant Harrison, while the plaintiff's husband was sick and could not get out of bed, stopped the cutting of timber on such land.

Under the above evidence, the trial court did not err in directing

a verdict for the plaintiff and in overruling the motion for new trial based on the usual general grounds only.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1969—DECIDED SEPTEMBER 29, 1969.

*G. Hughel Harrison, James W. Garner,* for appellants.
*Joe W. Rowland,* for appellee.